```
UNITED STATES DISTRICT COURT                    ECF CASE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

ROSEMARY G. McLAUGHLIN, ALBERT A.               CIVIL ACTION
TARANTINO, TERENCE McCUE,
DOREEN E. BERTONE, ROBERT R. LEBENSOLD,         COMPLAINT for
JACOB VINCI, ROBERT W. HALL, JR.,               Declaratory &
MICHELINA WRIGHT, TIFFINAY NARDOZI,             TRO, Preliminary
MICHELE TARINTINO, MADELINE PELLIGRINO,         Injunctive Relief
CHARLES McLAUGHLIN,
                  Plaintiff(s)


         -against-                              03 CIV 9886 (CLB)

DOROTHY ALLEN, in her capacity as
CITY CLERK of the City of New Rochelle,
CITY OF NEW ROCHELLE, THE WESTCHESTER
COUNTY BOARD OF ELECTIONS,
Carolee Sunderland and
Reginald Lafayette, Commissioners
Constituting the Board, ROBERT LOPEZ,
JOHN M. QUINLAN, MICHAEL BROWN,
MARGARET A. GODFREY, candidates,

                  Defendant(s).

------------------------------------x
```

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, by and through their attorneys, David L. Lewis and John Ciampoli, on behalf of themselves and others similarly situated, bring this complaint to obtain declaratory and injunctive relief as well as costs of the suit from the defendant City of New Rochelle and others.

1. This action seeks declaratory and injunctive relief against the Defendants under 42 U.S.C. § 1983.

**THE PARTIES**

2. Plaintiffs, Rosemary G. McLaughlin and Albert A. Tarantino, are candidates for election to the public office of member of the New Rochelle City Council in the 4th and 2nd Council Districts of the City of New Rochelle (respectively) in the General Election held in 2002.

3. Plaintiffs, McLaughlin and Tarantino, are also residents and registered voters eligible to vote in the 4th and 2nd Council Districts (respectively) who actually cast votes for the office of member of the New Rochelle City Council in their respective council district(s).

4. Plaintiffs, Terence McCue, Doreen E. Bertone, and Robert Lebensold are residents and voters of the City of New Rochelle eligible to vote for every office properly appearing on the ballot in the political subdivisions in which they reside, and who did actually vote in the 2003 General Election. Said Plaintiffs, by law, under the plan of apportionment of City Council Districts adopted by the City of New Rochelle in 2003, reside in the 2nd Council District.

5. Plaintiffs Jacob Vinci and Robert Hall, Jr. are residents and voters of the City of New Rochelle eligible to vote for every office properly appearing on the ballot in the

political subdivisions in which they reside, and who did actually vote in the 2003 General Election. Said Plaintiffs, by law, under the plan of apportionment of City Council Districts adopted by the City of New Rochelle in 2003, reside in the 4th Council District.

6. Plaintiffs, Michalina Wright, Tiffany Nardozzi, Michele Tarantino, are residents and registered voters eligible to vote in the 2nd Council District who actually cast votes for the office of member of the New Rochelle City Council in the 2003 General Election.

7. Plaintiffs, Madeline Pelligrino, and Charles McLaughlin are residents and registered voters eligible to vote in the 4th Council District who actually cast votes for the office of member of the New Rochelle City Council in the 2003 General Election.

8. Dorothy Allen is the City Clerk of New Rochelle and is responsible for the implementation of the apportionment plan for City Council Districts in the City of New Rochelle upon its adoption into law.

9. Defendant Westchester County Board of Elections is the public agency charged by New York State Law with the conduct and administration of Elections throughout the County of Westchester, and within the City of New Rochelle, which is wholly contained within said county. Carolee

      Suderland and Reginald Lafayette are Commissioners of the Westchester County Board of Elections, whose responsibilities include the certification of winners of the election for City Council of the City of New Rochelle.

10.    Defendant City of New Rochelle is a municipal corporation, obligated by law to re apportion its council seats. The City Clerk of New Rochelle is an officer of the municipal corporation and is an employee of the City of New Rochelle.

11.    Defendants, Robert Lopez, was a candidate for election in to the public office of Member of the City Council in the 4th Council District and John M. Quinlan, Michael Brown and Margaret A. Godfrey, were candidates for election in to the public office of Member of the City Council in the 2nd Council District in the General Election held in 2003.

## JURISDICTION AND VENUE

12.    Jurisdiction lies in this Court on original jurisdiction under 28 U.S.C. §§ 1331 and 1343, this being a civil action arising under the Constitution, laws or treaties of the United States.

13.    Venue is proper in the United States District Court for the Southern District of New York by virtue of 28 U.S.C. §

1391, since the events constituting this action all took place within the Southern District of New York.

## INTRODUCTION

14. In an action brought to enjoin the election of the City of New Rochelle City Council captioned <u>New Rochelle Voter Defense Fund et al v. City of New Rochelle et al</u>, 03 Civ 3764 and <u>New Rochelle Republican Committee et. al. v. City of New Rochelle et. al.</u>, 03 Civ 3965, this District Court (Honorable Charles Brieant) denied a preliminary injunction in a voting rights and 1983 claim that sought to prevent the 2003 elections for public office of member of the City Council in the City of New Rochelle from being conducted under the reapportionment lines drawn for New Rochelle. The District Court denied a preliminary injunction, and thus, elections were held using the lines as drawn and enacted by the local legislature intact. In each action the City of New Rochelle was a named party.

15. This matter arises out of the contests for New Rochelle City Council that were supposed to be conducted under those lines examined by this Court.

16. The Defendant, Dorothy Allen, City Clerk of New Rochelle, prior to the General Election in November of 2003, as part

of the responsibilities of her office did cause the apportionment plan adopted as local law by and for the City of New Rochelle to be implemented by way of converting the local law's terms into maps, documents, and/or computer files defining the actual city council districts and their boundaries, and transmitting this information to the Defendant Westchester County Board of Elections on or about May 26, 2003.

17. Dorothy Allen acted under color of law and in her official capacity as a state actor.

18. The Defendant, City Clerk of New Rochelle, on several occasions subsequent to May 2003, without authority and in contravention of law, altered council districts by repeatedly moving various streets and physical addresses among the city council districts.

19. The actions of Defendant City Clerk illegally placed and/or shifted voters from one council district to another including voters in Council Districts two and four.

20. From May 2003 up to the General Election, voters, including several of the plaintiffs were illegally placed into city council district(s) in which they do not reside.

21. The Defendant City Clerk's implementation of the apportionment plan adopted by the City Council of New

Rochelle placed several voters in council districts other than those in which they resided.

22. Said acts by the City Clerk were in contravention of law and deprived voters of the right to vote for the candidates in the district that they resided in.

23. Upon information and belief, the acts of the Defendant City Clerk altered the lines without seeking District Court approval prior to the conducting of the election.

24. In each case "changes" to the duly adopted district lines made by Defendant City Clerk were, and had to be, effectuated by Defendant Board of Elections in executing their ministerial duties.

25. This resulted in these plaintiffs and other similarly situated voters being presented with ballots which did not include the City Council contest in which they were entitled to vote.

26. The actions complained of actually resulted in the disenfranchisement of plaintiffs and other voters.

27. The actions complained of also resulted in voters not entitled to vote in those districts casting ballots for candidates for whom they were not entitled to vote, thus superenfranchising the illegal voters.

28. Defendant City Clerk made no public disclosure of the repeated variances between the districts she put in place as opposed to those provided for in law.

29. The actions of the Defendant City Clerk were intentional, willful and deliberate.

30. The Defendant City Clerk's actions directly affected the outcome of each of these elections in Council Districts 2 and 4.

31. The contests in Council Districts two and four were exceedingly close.

32. According to the Count of the Ballots by the Respondent Board of Elections the tally in Council District two stands at Tarantino 806 to Quinlin 814 [8 votes].

33. According to the Count of the Ballots by the Respondent Board of Elections the tally in Council District Four stands at McLaughlin 814 to Lopez 832 [18 votes].

34. The State Supreme Court on December 10, 2003 ordered that all the ballots and election material be preserved until the 31st of December. <u>Tarintino, et al v. Westchester County Board of Elections</u>, et al, Index No. 19259/03, decided December 10, 2003

35. The Board of Elections is prepared to certify the winners of these contests. Unless a temporary restraining order is issued by this Court, the results will be certified.

36. As a result of the New York State Court of Appeals decision in <u>Delgado v. Suderland</u>, Plaintiffs are without any remedy in the state Courts.

37. This rule was adhered to by the New York State Supreme Court in <u>Tarintino, et al v. Westchester County Board of Elections</u>, et al, Index No. 19259/03.

38. Therefore, there is no state remedy available for these candidates and voters to vindicate, protect or ensure their rights. The sole remedy available to the Plaintiffs is under 42 U.S.C. § 1983.

39. Voters in amounts greater than the putative margins of victory in each council district have sworn to the fact that they lost their right to vote by virtue of the actions the City Clerk of New Rochelle which were in violation of 42 U.S.C. 1983.

**AS AND FOR A FIRST CAUSE OF ACTION**

**(Temporary Restraining Order directed to the Board of Elections)**

40. Plaintiffs repeat and re allege each and every allegation contained in paragraphs 1-39.

41. By reason of the foregoing the defendants Westchester County Board of Elections and Sunderland and LaFayette in their official capacities acting under the color of state law if they are allowed to certify the winners of the City Council Races in the City of New Rochelle in districts 2

and 4 will deprive the plaintiffs Tarantino and McLaghlin as well as the voter plaintiffs of the rights, privileges and immunities secured to them as voters under the First, Fifth and Fourteenth Amendments to the United States Constitution and section 1983 of Title 42 of the United States Code

42. Plaintiffs seek the issuance of a temporary restraining order against the defendants Westchester Board of Elections and Sunderland and LaFayette in their official capacities to bar their signing executing or publishing or otherwise acting so as to cause the certification of winners in the 2nd and 4th Council Districts in the City of New Rochelle.

43. Each of the plaintiff candidates and voters are irreparably harmed by the failure to temporarily restrain and enjoin the certification of the results of the elections in the 2nd and 4th Council Districts in New Rochelle.

44. Each of the plaintiffs is without any other remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION

**(Permanent Injunction Against Certification of Results Directed at the Board of Elections)**

45. Plaintiffs repeat and re allege each and every allegation contained in paragraphs 1-44

46. In the absence of a permanent injunction preventing the certification of results in the instant council races, the

voters will be deprived of a means and an opportunity to be heard and to vindicate their votes against dilution by the illegal actions of the City Clerk.

### AS AND FOR A THIRD CAUSE OF ACTION

**(Deprivation of the Right to Vote under 42 U.S.C. 1983)**

47. Plaintiffs repeat and re allege the allegations set forth in Paragraphs 1-46 of this Complaint as if fully set forth herein.

48. By reason of and through the acts of the City Clerk, voters entitled by residence and proper registration in conformity with the laws of the State of New York giving them the right of franchise were illegally deprived of the right to vote, accorded to them by 42 U.S.C. 1983.

### IN AND AS FOR A FOURTH CAUSE OF ACTION

**(Dilution of the Vote by State Action 42 U.S.C. 1983)**

49. Plaintiffs repeat and re allege the allegations set forth in Paragraphs 1-48 of this Complaint as if fully set forth herein.

50. Each of the plaintiffs set forth in paragraphs 3, 6 and 7 herein] voted in the Council races seeking to fully

     exercise their right of franchise without dilution of their vote.

51. The actions of Defendant City Clerk included placing voters in Council Districts two and four who had no right to vote there.

52. Such actions served to dilute the votes of plaintiffs and to deprive plaintiffs of their right to vote.

## IN AND AS FOR A FIFTH CAUSE OF ACTION

**(Disenfranchisement of Voters in violation of 42 U.S.C. 1983)**

53. Plaintiffs repeat and re allege the allegations set forth in Paragraphs 1-52 of this Complaint as if fully set forth herein.

54. By reason of and through the acts of the City Clerk, voters entitled by residence and proper registration in conformity with the laws of the State of New York giving them the right of franchise were illegally disenfranchised denying them the right of franchise accorded to them under the laws of the State of New York and by and through 42 U.S.C. 1983.

**IN AND AS FOR A SIXTH CAUSE OF ACTION**

**(Illegal Interference with an Election Denying Equal Protection to the Voters and the Candidates)**

55. As a result of the Defendant City Clerk's actions the 2003 General Elections in Council Districts Two and Four were conducted upon the basis of inaccurate information resulting in the disenfranchisement of voters, and the enfranchisement of voters not entitled to vote in the council districts in which they were placed.

56. The numbers of persons disenfranchised by the actions of the Defendant City Clerk, and the numbers of persons permitted to cast illegal votes by the actions of the Defendant City Clerk, in the case of each council district, exceeds the margin separating the candidates.

57. Without these illegal acts of the City Clerk, the election results and tally of votes in the 2nd and 4th Council Districts would have been different.

58. Upon information and belief, had all voters been permitted to vote in the proper district, the result of the election would have been different, and Tarantino and McLaughlin would have won their respective races for Council seats.

59. The Clerk was and is a state actor, and acted under color of state law.

60. The placement of voters by Defendant Clerk successfully diluted, disenfranchised and denied the right to vote of voters in the subject Council Districts, and to prevent voters from exercising their right to vote and to cast their vote for Plaintiff Candidates.

**IN AND AS FOR A SEVENTH CAUSE OF ACTION**

**(Deprivation of the First and Fourteenth Amendment Rights of Candidates and Voters to Unabridged Speech and Association)**

61. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1-60 of this Complaint as if fully set forth herein.

62. Because of the actions of Defendant City Clerk complained of herein, Plaintiff Candidates were never able to obtain an accurate list of the registered voters registered and entitled to vote in the Council Districts.

63. Accordingly, the Plaintiff Candidates' ability and rights to communicate and contact the all of the voters who should have been entitled to vote in Council Districts Two and Four.

64. As a result of the actions of Defendant City Clerk, Plaintiff Candidates had their right to free speech and free association under the First and Fourteenth Amendments

14

to the United States Constitution abridged in violation of 28 U.S.C. 1983.

## IN AND AS FOR A EIGHTH CAUSE OF ACTION

**(Deprivation of a Hand Count of Paper Ballots in violation of the Fourteenth Amendment right to equal protection of laws)**

65. Plaintiffs repeat and re allege the allegations set forth in Paragraphs 1-64 of this Complaint as if fully set forth herein.

66. Plaintiffs hereby affirmatively allege that the tally of votes being presented for each of the Plaintiff Candidates is in error and fails to include votes clearly voted for them.

67. Paper punch card ballots in Westchester County are counted by means of a mechanical device which in not capable of recording all types of ballot markings constituting a vote under New York State Law.

68. Westchester County is the only County in the State of New York still using the notorious punch card ballots and mechanical punch card readers to count these votes.

69. The ballots and machinery utilized for the counting of punch card ballots has been outlawed by an act of Congress, P.L. 107-252 (H.R.3295).

70. The only way to obtain an accurate count is to "hand count" each ballot.

71. The Defendant Board of Elections concedes that the machinery used to count punch card ballots is not capable of "reading" every type of ballot marking considered to be a vote under New York law.

72. The Board of Elections has willfully adopted a policy that fails to remedy this deficiency and accurately count all the ballots that are valid under New York State law and which would be counted in other jurisdictions in this State in violation of the constitutional guarantee of equal protection of laws.

73. The New York State Supreme Court in <u>Tarantino et al v. Westchester County Board of Elections, et al</u>, Index No. 19259/03, decided December 10, 2003 has determined that the Plaintiff candidates herein have no remedy under state law which would provide them with an accurate count of the ballots.

74. It is respectfully submitted that a "Hand Count" of all punch card ballots would not only provide an accurate count but would substantially reduce the margin between the candidates in each race, and, in fact, may be outcome determinative in Council District Two.

75. Moreover, pursuant to state law, "mark sense" ballots and traditional paper ballots marked in the same or equivalent fashion as those not counted in the instant case would have been counted in other jurisdictions in the State of New York.

76. Accordingly, not only have the Plaintiff Candidates been shortchanged, deprived of an accurate count, deprived of their right to associate with voters expressing their intent to vote for them, in contravention of the First and Fourteenth Amendments to the Constitution of the United States, but also the voters of the Fourth and Second Council Districts have been denied their right to vote and the equal protection of law.

   **WHEREFORE**, Plaintiffs respectfully pray that this Court enter judgment and issue the following as relief in this matter:

   (1) An order temporarily, preliminarily, and then permanently enjoining the Westchester County Board of Elections from issuing any certification as to a result in the elections in the 2nd and 4th Council Districts in New Rochelle, and

   (2) An order of this Court directing that all of the paper punch card ballots be counted, and that the Plaintiff

      Candidates be credited with every vote cast for them, by Defendant Board of Elections, and

(3) An order of this Court that a new election should be run in the 2nd and 4th Council Districts under the actual district lines adopted by the local legislative body pursuant to law, as a remedy for the abridgement of Plaintiffs' Constitutional Rights in violation of 28 U.S.C. 1983, and

(4) An Order awarding plaintiffs the costs of this action and their reasonable attorneys fees pursuant to 42 U.S.C. 1983

(5) An Order that a hearing should be held forthwith upon the application for a preliminary injunction, and

(6) Such other equitable and further relief as may be deemed just and proper by this Court.

DATED: December 12, 2003                 _____

                                              **DAVID L. LEWIS (DLL 0037)**
                                              **225 BROADWAY**
                                              **STE 3300**
                                              **NEW YORK, N.Y.**
                                              **212 285 2290**

                                              _____
                                              **JOHN CIAMPOLI**
                                              **Suite 702**
                                              **99 Washington Ave.**
                                              **Albany, N.Y. 12210**
                                              **518 436 3865**